## ˶ JOHN M. BROWN *vs.* GEORGE O. LADD.

Suffolk.   March 2. — 24, 1887.   FIELD, C. ALLEN, & GARDNER, JJ.,
absent.

A promissory note, given in payment of a judgment of the Superior Court upon
which an action was pending in another State, and in pursuance of an agree-
ment that "neither party" should be entered in the action, and that a person
summoned in it as trustee should be allowed to pay the funds in his hands to a
claimant, is founded upon a sufficient consideration ; and, in an action upon the
note, evidence is inadmissible to impeach the validity of the judgment.

CONTRACT upon four promissory notes, each for $130, and all dated March 1, 1879, payable three, six, nine, and twelve months after date, respectively, to the order of the plaintiff, and signed by the defendant. Writ dated August 28, 1885. The answer, among other defences, set up the statute of limitations as to the first note.

Trial in the Superior Court, without a jury, before *Bacon*, J., who allowed a bill of exceptions, in substance as follows :

The plaintiff put in the four notes, and rested his case. The defendant contended and testified that the notes were given solely upon the promise of the plaintiff's attorney that a certain judgment, obtained by the plaintiff against the defendant on a writ dated October 31, 1874, returnable to the Superior Court for Suffolk county, for $407.21 damages, and $87.77 costs, for which execution issued but had not been returned, should be discharged, but had not been discharged. He also contended that the notes were obtained by fraud and misrepresentation, and were void, and were without consideration ; and that the consideration had failed. The papers and extended record of said action were put in evidence, from which it appeared that the defendant's appearance and answer were duly filed, denying by general issue and special matter the plaintiff's claim, and that on January 3, 1876, the defendant, by his attorney of record, not his present counsel, filed in said case a suggestion of the bankruptcy of the defendant, and the case was continued from term to term until April term, 1877, when the defendant's attorney of record signed and filed in said court, on April 18, 1877, an agreement for said judgment, without hearing or trial, which the

defendant at the present trial contended was a secret agreement in fraud of his creditors in bankruptcy, and was without his knowledge, consent, or authority; that the attorney of record in that case was not at that time his attorney, in fact, but was acting in the interest of another party; and that said judgment was obtained through fraud, and was fraudulent as to his creditors in bankruptcy and as to himself; and the defendant's counsel asked him at the present trial whether the attorney of record who signed said agreement for judgment was his attorney in fact, and whether said agreement was with his knowledge, consent, or authority, for the purpose of showing fraud in obtaining said notes, and that they were based on fraud, and void. The defendant offered no evidence tending to show that the plaintiff had any notice or knowledge that the defendant's attorney of record, who signed said agreement for judgment, was not then his attorney in fact. The evidence was excluded.

The defendant contended that there was a secret agreement between the attorney who made said agreement for judgment and the plaintiff, whereby the plaintiff should withdraw his objections to the defendant's discharge in bankruptcy in the United States court, then pending, and be allowed to get judgment against the defendant in the Superior Court action for the same amount for which he had proved his claim against the defendant's estate in bankruptcy, and for which the defendant testified that the plaintiff was paid $100 by the attorney of record for the defendant in said action in part payment of said claim. The defendant contended that this was a fraud upon him and upon his creditors in bankruptcy, and made void said notes; and he offered to put in evidence the certificate of the clerk of the United States court of the filing of the petition in bankruptcy against the defendant, on December 23, 1875; the clerk's attested copy of proof of the plaintiff's claim against the defendant in said bankruptcy proceedings, of the same amount as his claim in the Superior Court action, filed October 23, 1876 ; the clerk's attested copy of the appearance of the plaintiff to oppose the discharge of said bankrupt, filed March 9, 1877 ; the clerk's attested copy of the plaintiff's withdrawal of his objections, and his consent to the discharge of the defendant in bankruptcy, filed April 18, 1877 ; and the certificate of discharge

of the defendant in bankruptcy, granted April 25, 1877 ; all of which were excluded.

The plaintiff introduced in evidence the record of an action brought by the plaintiff against the defendant in the Supreme Court for the county of Rockingham and State of New Hampshire, entered at October term, 1877, of said court, brought upon said judgment of the Superior Court for the county of Suffolk, in which Daniel O. Waldron, administrator of the estate of Sarah L. Fletcher, was summoned as trustee of the defendant, in which action the defendant was defaulted, and James F. Marston appeared as claimant of the funds in the hands of the trustee. It appeared by the record, that said action was entered " Neither party as to all," at January term, 1879, about the date of the notes in suit; and the plaintiff offered evidence tending to show that said notes were given and received in payment of the judgment rendered in Suffolk county, upon which said action was founded, and with the agreement between the plaintiff and the defendant that said action should be settled and entered " Neither party as to all," and that the claimant, who was an uncle of the defendant, should be permitted to draw the money in the hands of said administrator ; and that said entry of " neither party " was made in pursuance of said agreement. The defendant denied the above after the word " founded."

The defendant asked the judge to rule that, upon the evidence, the action could not be maintained. The judge declined so to rule ; found as a fact that the notes in suit were given in payment of said judgment and in accordance with said agreement, and were given upon a sufficient consideration ; and found for the plaintiff for the last three notes, the first being barred by the statute of limitations. The defendant alleged exceptions.

*F. A. Perry*, for the defendant.

*J. F. Wiggin*, for the plaintiff.

HOLMES, J. It is found that the notes in suit were given in payment of a Massachusetts judgment upon which a suit was pending in New Hampshire, and in pursuance of an agreement that " neither party " should be entered in the last-named suit, and that a party summoned in it as trustee should be allowed to pay the funds in his hands to a claimant. It thus appears that, whether the Massachusetts judgment was fraudulent or not, the

plaintiff was setting it up as valid and was proceeding upon it. Either the entry of neither party and the release of funds in the New Hampshire suit or the payment of the Massachusetts judgment was therefore a sufficient consideration for the notes; and it is immaterial which party was right with regard to the controverted claim which was thus settled.

We do not mean to imply that there were no other objections to the admissibility of the evidence, but the one stated is enough.                                        *Exceptions overruled.*